IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL HOSEA, #711435 | § | |
| VS. | § | CIVIL ACTION NO. 9:06cv219 |
| HELEN E. SHEFFIELD, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Michael Hosea, an inmate confined at the Polunsky Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on September 13, 2006. The Plaintiff, a Muslim inmate, complained about being strip searched in the presence of females. After reviewing the complaint, the Court decided to conduct an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on January 16, 2007. Regional Grievance Coordinator Chip Satterwhite, Warden Eddie Baker and Nurse Barbara Hughes attended the hearing in order to answer any questions the Court may have concerning prison policy or the Plaintiff's records.

Only sworn testimony and authenticated records were accepted during the *Spears* hearing, and the evidence submitted by prison personnel was considered by the Court only to the extent that it does not contradict the inherently plausible and credible evidence offered by the Plaintiff. *Vernado*

*v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). The Plaintiff gave the Court permission to review his prison records.

The Plaintiff testified that the incident in question occurred on January 27, 2006. He was in the chow hall when he noticed Officer Brenda Spitaleri staring at him. He subsequently observed Officer Spitaleri talking to Sgt. Helen Sheffield. After putting up his food tray, Officer Spitaleri told him to wait. She instructed him and other inmates to take off their clothes for a strip search. The Plaintiff noted that they had just strip searched twenty or thirty other inmates. He asked why he had to undergo a strip search. He explained that it was against his religious beliefs to disrobe in the presence of women other than his wife. Nonetheless, he was told to follow instructions and strip. He asked to speak to a higher ranking officer. Sgt. Francisco Facio and lt. Shannon Price arrived on the scene. Officer Spitaleri and Sgt. Sheffield advised them as to the problem. Sgt. Facio advised the Plaintiff that he would be subjected to disciplinary procedures if he failed to comply with the orders. The Plaintiff testified that he complied with the orders. He noted that female employees were coming and going while the search was being conducted. He stated in the original complaint that some of them were "sniggling and staring" at him. He argued that the strip search under the circumstances violated his constitutional rights.

Warden Baker testified under oath that strip searches are conducted without giving any exceptions for religious preferences. They try to have male officers conduct the searches as much as possible. However, there are times when only female officers are available. Strip searches are routinely conducted during mass movements, such as when inmates go to the chow hall to eat or go to work.

Chip Satterwhite testified under oath that the Plaintiff has exhausted his administrative remedies. He noted, however, that Defendant Warden Alford was included only as a signature authority for denying his grievance.

The Plaintiff testified that the Grievance Investigator Defendants did not investigate his claims. Warden Alford likewise failed to investigate his claims. He argued that the Defendants committed a sexual assault under the Prison Rape Elimination Act of 2003. His complaint also mentioned the Religious Land Use and Institutionalized Persons Act. It is noted that his reference to the Religious Freedom Restoration Act was misplaced since it was declared unconstitutional in *City Boerne v. Flores*, 521 U.S. 507 (1997). He testified that he sued Sgt. Facio and Lt. Price for making him strip search despite his protests. He sued Sgt. Sheffield and Officer Spitaleri for conducting the strip search.

The Fifth Circuit has considered a number of lawsuits where male inmates complained about being strip searched by female officers. The most recent Fifth Circuit case shown on Westlaw was *Tasby v. Lynaugh*, 123 Fed. Appx. 614 (5th Cir. 2005), where the Fifth Circuit upheld this Court's decision granting the defendants' motion for summary judgment. The Fifth Circuit made the following holding:

> This Court has held that strip searches carried out in nonsecluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional. *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *Elliott v. Lynn*, 28 F.3d 188, 190-92 (5th Cir. 1994); *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002).

123 Fed. Appx. at 615. In light of the decision and the other cases cited in the decision, this Court is obligated to hold that the strip search conducted in this case was not unconstitutional. The Court further adds that it has not found any cases supporting the proposition that strip searches conducted

in the presence of members of the opposite sex violate the Religious Land Use and Institutionalized Persons Act or the Prison Rape Elimination Act. The Plaintiff's claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **16** day of **January, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE